ROBERT L. BLAND, Judge,
dissenting.
I am constrained to note my opposition to the award made in this proceeding by a majority of the court. The claim is informally heard upon a record prepared and submitted to the court by the state road commission. The members of the court of claims have made ncJ independent investigation of the facts which constitute the basis for the award made. By its action the court of claims has simply approved such investigation of the claim as was made by subordinate employes of respondent.
Paul C. Hogsett carried insurance upon his automobile covered by a policy issued to him by the Farm Bureau Mutual Auto *109 mobile Insurance Company. This company paid to the said Hogsett $127.50 to remunerate him for the liability which he incurred when having his automobile repainted. By virtue of a provision contained in the policy of insurance the nominal claimant in this proceeding is subrogated to the rights of the insurance company with power and authority to institute and conduct any suit or proceeding deemed necessary to be repaid the said sum of $127.50. As a matter of fact the claim is distinctly a subrogation proceeding asserted in this court by the insurance company in the name of its assured Paul C. Hogsett.
While the writer of this statement thinks that he understands reasonably well the rule or doctrine of subrogation he is nevertheless of opinion that the claim in question is not the type or character of claim which may be asserted and successfully maintained against a sovereign state. That excellent authority Blash-field, on Automobile Law and Practice, in Sec. 4171, very appropriately declares:
“The doctrine of subrogation has long been an established branch of equity jurisprudence, owing its origin neither to the statute nor to custom but based upon equitable principles wherever justice demands its application, and the right of subrogation depends upon the facts and circumstances of each particular case, being allowed whenever the equities of the case demand it. * *
The rule of subrogation may be invoked between individuals when it could not be lawfully invoked in a proceeding against the sovereign state. The subrogee in this case, that is the Farm Bureau Mutual Automobile Insurance Company, has no inherent right against the state of West Virginia. Equity follows the law. It is a well recognized maxim.